UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SARAH MARTIN, individually and as the surviving mother of decedent CHRISTOPHER RAY BENNETT, and PHILLIP MORRIS, individually and as the surviving father of decedent CHRISTOPHER RAY BENNETT,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN BINGAMAN, in his individual capacity, CHRISTOPHER GRAF, in his individual capacity, ZACHARY JENKENS, in his individual capacity, CENTURION OF MISSOURI, LLC d/b/a CENTURION HEALTH, and CASSANDRA HOSEA, LPN, in her individual capacity,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Cause No. 4:23-cv-01037-RHH<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS CENTURION OF MISSOURI, LLC AND CASSANDRA HOSEA, LPN'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ACCEPT DECLARATIONS**

Defendants Centurion of Missouri, LLC ("Centurion") and Cassandra Hosea, LPN ("Hosea") (collectively, "Defendants"), through their undersigned counsel, for their Response in Opposition to Plaintiffs' Motion to Accept Declarations, state as follows:

**INTRODUCTION AND SUMMARY OF ARGUMENT**

In their Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Doc. 87), Defendants noted that Plaintiffs' state-law medical negligence claim in Count II must be dismissed for failure to comply with Section 538.225 RSMo.

More recently, Plaintiffs filed their Motion to Accept Declarations (Doc. 90). But as detailed in Defendants' Motion to Dismiss, a Missouri state-law claim for medical negligence

against a healthcare provider requires an affidavit to be filed within 90 days of filing a complaint, or within 180 days if an extension is granted when good cause is shown. Here, more than 90 days passed after a complaint was first filed against Defendants, and Plaintiffs failed to seek an extension of time within that period; regardless, they lack good cause for an extension even if a timely request existed, and Section 538.225 is substantive Missouri law and applies in this Court.

For these reasons and as further explained below, Plaintiffs' Motion to Accept Declarations should be denied and Defendants' Motion to Dismiss Count II should be granted.

## LAW AND ARGUMENT

**I.     Section 538.225 is substantive Missouri law and applies in this case.**

This Court long ago settled any question regarding whether the affidavit of merit requirement in Section 538.225 is substantive or procedural in nature. It is, indeed, substantive Missouri law. *See, e.g., Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 241 (E.D. Mo. 2004).

In *Smith,* the Court noted that under the *Erie* doctrine, determining whether a state law is substantive or procedural comes down to whether the outcome of a case tried in federal court would be substantially similar if the case were tried in state court—the "outcome determinative" test. *Id.* at 238. Here, Plaintiff's state-law medical malpractice claims would be governed by Section 538.225 if tried in Missouri state court. Under that statute, a failure to file the required affidavit of merit within 90 days mandates dismissal. As such, the statute is plainly outcome determinative, and a failure to apply the statute can lead to forum shopping and inequitable application of state law. *Smith*, 225 F.R.D. at 241.

Section 538.225 serves a crucial gatekeeping role in medical malpractice litigation by precluding plaintiffs from filing frivolous lawsuits against healthcare providers that would not

2

succeed on the merits. *Id*. The purpose of the statute is clearly intended to influence the substantive outcomes of cases, and plays a significant role in determining the rights and obligations of parties to a lawsuit. Though a plaintiff may be permitted a 90-day extension of time if a court finds good cause, Plaintiff failed to timely seek an extension here, and lacks good cause anyway, as discussed in Point II below.

For these reasons, Section 538.225 is indeed substantive law and must be applied in this case, resulting in the dismissal of Plaintiffs' state-law claims against Defendants in Count II of Plaintiffs' Fourth Amended Complaint, and the denial of Plaintiffs' Motion to Accept Declarations.

**II.    Plaintiffs' 90-day period to supply an affidavit of merit passed without one being submitted, no timely request was made for a 90-day extension, and even if a timely request existed, Plaintiffs lack good cause for an extension.**

Though there are circumstances in which a 90-day extension may be granted for filing the required affidavit of merit under Section 538.225, no such circumstances exist here.

As an initial matter, Plaintiffs' reliance on *Est. of Beelek v. Farmington Mo. Hosp. Co., LLC*, No. 4:10CV2068 CDP, 2011 WL 4008018 (E.D. Mo. Sept. 8, 2011) is misplaced. There, this Court held that the plaintiffs were entitled to an extension because at the time of filing the lawsuit against the healthcare provider, they did not have direct knowledge of the circumstances leading up to the decedent's death and were without a coroner's report containing a cause of death—further noting that the lack of this information precluded the plaintiffs' ability to obtain the requisite affidavit. *Id*. at *5. Here, however, Plaintiffs have been aware of the cause of Mr. Bennett's death since the filing of their initial Complaint in August 2023. *See* Doc. 3, ¶ 44.

Furthermore, Plaintiffs first filed a complaint against Defendants on February 11, 2025 (Doc. 59), and as of May 12, 2025 (the 90-day mark thereafter) had failed to submit the required

3

affidavit of merit or request an extension of time. Only on June 6, 2025 (Doc. 90) did Plaintiffs attempt to act on the affidavit of merit requirement.

Thus, Plaintiffs have been aware of Mr. Bennett's cause of death since 2023, expressed their intention to add Defendants in January 2025 at the latest, first filed a complaint against them in February 2025, and allowed the 90-day period under Section 538.225 to run without timely requesting an extension. Only <u>25 days after</u> the expiration of the 90-day period did Plaintiffs act—well out of time. Missouri courts have held that if a plaintiff wishes to have an extension of time to file the statutorily required affidavit of merit, an extension of time must be sought within the initial 90-day period to be timely. *See Austin v. Schiro*, 466 S.W.3d 694, 697 (Mo. App. W.D. 2015). In *Austin*, the plaintiff failed to obtain an extension of time before the 90-day period ran. *Id.* Here, plaintiff did not attempt to obtain an extension until after the 90-day period ran.

By operation of substantive Missouri law codified at Section 538.225, Plaintiffs have failed to substantiate a state-law claim of medical negligence against Defendants, and their Count II attempting to do so should be dismissed. There is no basis for allowing them an extension of time that they failed to timely request. Regardless, even if they had timely sought an extension, they lack good cause for one. So the Court should deny their Motion to Accept Declarations and grant Defendants' Motion to Dismiss Count II of their operative Complaint.

## **CONCLUSION**

For the reasons set forth above and in their Motion to Dismiss (Doc. 87), Plaintiffs' Motion to Accept Declarations should be denied because Section 538.225 is substantive law, and Plaintiffs have failed to timely submit the required affidavit of merit or timely request an extension of time, and lack good cause for an extension anyway even if a timely request existed.

SANDBERG PHOENIX & von GONTARD P.C.

By: <u>*Timothy C. Sansone*</u>
Timothy C. Sansone, #47876MO
120 S. Central Ave., Suite 1600
St. Louis, MO 63105
314-725-9100
tsansone@sandbergphoenix.com

Alec D. Jarvis, #75617MO
701 Market Street, Suite 600
St. Louis, MO 63101-1826
314-231-3332
314-241-7604 (Fax)
ajarvis@sandbergphoenix.com
*Attorneys for Defendants*
*Centurion of Missouri, LLC and*
*Cassandra Hosea*

**Certificate of Service**

    I certify that on June 20, 2025, this document was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the following:

Jeffrey D. Hackney
HKM Employment Attorneys, LLP
jhackney@hkm.com
*Attorney for Plaintiff*

Jessica L. Ward
Assistant Attorneys General
Jessica.Ward@ago.mo.gov
*Attorneys for Defendants Anne Precythe,*
*Christopher Sarchett, Brian Bingaman,*
*Christopher Graf, Zachary Jenkins, and*
*Shirley Taylor*

                                               <u>/s/ Timothy C. Sansone</u>